UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

 Plaintiff,

v.                    Case No. 07-20302
                      Hon. Sean F. Cox

ZAKIR HAKIM,

 Defendant.
_____

## **ORDER**

  This matter is before the Court on Defendant's Motion to correct sentence. On July 2, 2007, Defendant pled guilty to one charge of misdemeanor bank theft - aiding and abetting, in violation of 18 U.S.C. §§ 2113(b) and 2. On November 7, 2007, Defendant was sentenced to 12 months imprisonment, one year supervised release, a $25.00 special assessment, and ordered to pay restitution in the amount of $31,159.35.

  On November 16, 2007, Defendant filed the instant Motion to correct sentence. Fed.R.Crim.P. 35 (a) provides "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."[1]

  Defendant argues the Court erred on four grounds: (1) "[t]he sentence was not applied

---

[1]Plaintiff's argument that Defendant's Motion is untimely is clearly without merit. Fed.R.Crim.P. 45(a)(2) states that intermediate Saturdays and Sundays are excluded when computing time for a time period less than 11 days. Not counting the intermediate Saturday and Sunday, Defendant's Motion was filed on the seventh day, and is timely.

1

equally on both defendants while both defendants were charged for the same violation of the law;" (2) "[t]he jail term (if imposed) will completly [sic] ruin the future and destroy the defendant's career of Real Estate Appraiser;" (3) "[m]y both [sic] parents are aged and disabled and they are depending on my Assistance;" and (4) "[t]his defendant was not satisfied, the way he was represented." Defendant asks this Court to convert his 12 month prison term into probation or supervisory release.

"The authority conferred by Rule 35(a) to a district court is extremely limited." *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006). "The rule is not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence or used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to application of the sentencing guidelines." *Id.* (citation omitted). "[I]f an error did not constitute an obvious error or mistake that would have resulted in a remand by [the Sixth Circuit], it is outside of Rule 35(a)'s narrow purview." *Id.*

The arguments raised by Defendant are not those that would result in a remand. Defendant seeks to change the court's mind about the appropriateness of his sentence. This is outside the narrow purview of Rule 35. In addition, with respect to Defendant's satisfaction with his representation, there are other avenues for redress - a Rule 35(a) motion is not the proper forum.

Accordingly, Defendant's Motion to correct sentence is **DENIED**.

**IT IS SO ORDERED.**

<u>S/Sean F. Cox</u>
**Sean F. Cox**
**United States District Judge**

**Dated: December 28, 2007**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 07-20302
                                                        Hon. Sean F. Cox

ZAKIR HAKIM,

    Defendant.
_____

## **PROOF OF SERVICE**

I hereby certify that a copy of the foregoing order was served upon the parties and /or counsel of record on December 28, 2007, by electronic and/or ordinary mail.

                                                     S/J. Hernandez
                                                   Case Manager